UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSEPH E. McDOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-83 |
| | ) | |
| CLERK, PUTNAM COUNTY, INDIANA; | ) | |
| JUDGE, PUTNAM SUPERIOR COURT, in | ) | |
| his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. The Judge of the Putnam Superior Court ("Putnam Superior Court") has issued an order, currently being enforced by the Clerk of Putnam County, Indiana, that has suspended the processing of any and all filings submitted by prisoners confined at the Putnamville Correctional Facility. Because of this order, Joseph E. McDowell, a prisoner confined at the Putnamville Correctional Facility, cannot file an action to challenge his confinement. The order violates both the United States and Indiana Constitutions. Appropriate declaratory relief should enter against both defendants. Injunctive relief should issue against the Clerk of Putnam County, Indiana.

**Jurisdiction, venue, cause of action**

2. This Court has jurisdiction of plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by 28 U.S.C. §§2201, 2202 and by Federal Rule of Civil Procedure 57.

5. Plaintiff brings his federal claim pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

6. This Court has jurisdiction of plaintiff's claim against the Clerk of Putnam County, Indiana based on the Indiana Constitution pursuant to 28 U.S.C. § 1367, in that this claim forms part of the same case or controversy as plaintiff's federal claim.

**Parties**

7. Joseph E. McDowell is an adult resident of Putnam County, Indiana.

8. The Clerk of Putnam County, Indiana, is responsible for, among other things, processing court filings sent to Putnam County courts by prisoners. The office of the Clerk is sued pursuant to Federal Rule of Civil Procedure 17(d).

**9.** The Judge of the Putnam Superior Court is the duly elected Judge of one of two courts of general jurisdiction operating in Putnam County, Indiana. The Judge of the Putnam Superior Court is sued in his official capacity.

**Facts**

10. Joseph E. McDowell is currently confined to the Putnamville Correctional Facility, which is in Putnam County, Indiana, and is operated by the Indiana Department of Correction.

11. Mr. McDowell is currently incarcerated as the result of the revocation of his parole.

12. Although there are two trial courts of general jurisdiction in Putnam County, by local court rule the Putnam Superior Court hears all "[a]ctions filed by Jail or Penal institution inmates (MI cases)." Local Rules of Practice of the Putnam Circuit and Superior Courts, LR 67-AR-1, https://www.in.gov/judiciary/files/putnam-local-rules.pdf (last visited Feb, 19, 2020).

13. On January 15, 2020, the Putnam Superior Court issued the attached Order, which states:

> The Court has been informed that some filings from the Putnamville Correctional Facility (PCF) are being treated with illegal substances prior to the Court's Clerk receiving them. Therefore, the Court has suspended processing any and all filings submitted from PCF until further notice. Do not contact the Court inquiring about the status of any previously filed complaints. They will be processed, if possible, returned, or destroyed as contraband.

14. Although most filing is now done electronically as required by Indiana Rule Trial Procedure 86, *pro se* filings from prisoners at the Putnamville Correctional Facility are still accomplished by the mailing of the filings by prison staff to the Clerk of Putnam County, Indiana.

15. Mr. McDowell wishes to file a challenge arguing that his parole was revoked unlawfully and that he is entitled to immediate release.

16. Indiana courts have held that a prisoner who has been re-imprisoned after a revocation of parole and is claiming an entitlement to immediate release must do so through a petition for a writ of habeas corpus. *See, e.g., Grayson v. State*, 58 N.E. 3d 998, 1001-01 (Ind. Ct. App. 2016).

17. Mr. McDowell believes he is entitled to immediate release because his parole was unlawfully revoked and he is not serving any other time.

18. Indiana law requires that a habeas corpus case filed by a prisoner be filed in the county where he or she is currently incarcerated. Ind. Code § 34-25.5-2-2(a)(1)

19. In late November of 2019, Mr. McDowell sent a filing entitled "Verified Petition for Writ of Habeas Corpus" to the Clerk of Putnam County, Indiana, to challenge his parole revocation.

20. He erroneously labelled this petition as being in the Jay Circuit Court and put on it the cause numbers of prior convictions in that Court.

21. However, the petition is clear that it is a new filing of a Verified Petition for Writ of Habeas Corpus.

22. He never received a response to this petition and he therefore again had it sent to the Clerk of Putnam County, Indiana, from the prison in late December of 2019.

23. If accepted, this case would be filed in Putnam Superior Court as an "MI" case.

24. He has never received any paperwork from the Clerk of Putnam County, Indiana, indicating that the case has been filed or refused. In fact, he has heard nothing at all.

25. The only thing that he has received is a copy of is Exhibit 1, the Order referred to in paragraph 13, above, which was not sent to him by the Clerk of Putnam County, Indiana, but which was distributed to all the prisoners at Putnamville Correctional Facility through their tablets that they are given by the Indiana Department of Correction.

26. He is unaware of to what the Order refers as his filings contained no illegal substance.

27. He believes that his filing is not being processed because of the Order.

28. Given the refusal of defendants to allow his filing to be processed and the uncertainty as to whether any future filings will be processed, Mr. McDowell has no means to challenge the legality of his confinement, even though he has a good-faith belief that his confinement is unlawful.

29. This is causing him actual injury as he is being denied the right to pursue a non-frivolous claim.

30. At all times defendants have acted and have refused to act under color of state law.

31. The actions and inactions of the defendants are causing Mr. McDowell irreparable harm for which there is no adequate remedy at law.

**Legal claims**

32. The Order entered by the Putnam Superior Court and the actions of the defendants in refusing to allow Joseph E. McDowell to file and pursue his habeas corpus action violate the right to petition and the right of access to courts secured by the United States Constitution.

33. The actions of the Clerk of Putnam County, Indiana, in refusing to file and process legal paperwork from Joseph E. McDowell, violate the Open Courts Clause of the Indiana Constitutional, Art. 1, § 12.

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Declare that the actions of the defendants are unlawful for the reasons noted above.

3. Enter a preliminary injunction, later to be made permanent, against the Clerk of Putnam County, Indiana, preventing the office from refusing to process papers filed by Joseph E. McDowell in a manner identical to that of non-incarcerated litigants.

4. Award plaintiff his costs and reasonable attorneys' fees against the Clerk of Putnam County, Indiana pursuant to 42 U.S.C. § 1988.

5. Award all other proper relief.

                                                Kenneth J. Falk
                                                Stevie J. Pactor
                                                ACLU of Indiana

1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiff